mony, would be insufficient to convict him of crime, would be rendering the rule almost perfectly worthless. Many links frequently compose that chain of testimony which is necessary to convict any individual of a crime. It appears to the court to be the true sense of the rule that no witness is compellable to furnish any one of them against himself. It is certainly not only a possible, but a probable, case, that a witness, by disclosing a single fact, may complete the testimony against himself, and to every effectual purpose accuse himself as entirely as he would by stating every circumstance which would be required for his conviction. That fact of itself might be unavailing, but all other facts without it might be insufficient. While that remains concealed within his own bosom he is safe; but draw it from thence, and he is exposed to prosecution. The rule that declares that no man is compelled to accuse himself would most obviously be infringed by compelling a witness to disclose a fact of this description. What testimony may be possessed, or is attainable, against any individual, the court can never know. It would seem, then, that the court ought never to compel a witness to give an answer which discloses a fact which might form a necessary and essential part of a crime, which is punishable by the laws." Citing 1 Burr's Trial, 244, 245. See Brown *v.* Walker, 161 U. S. 613 (16 Sup. Ct. 644, 40 L. ed. 827).

In the present case it was apparent from the manner of the witness that he did not desire to testify, and that he was not a competent witness in the sense that he was not such a witness as should be compelled to answer the question propounded.

---

### HARRIS *v.* GULF REFINING COMPANY.

This case came before this court, upon a writ of certiorari granted, from the Court of Appeals of Georgia; and the same being for a decision by a full bench of six Justices, who are evenly divided in opinion, Russell, C. J., Hill and Hines, JJ., favoring a reversal, and Beck, P. J., Atkinson and Gilbert, JJ., favoring an affirmance, the judgment of the Court of Appeals stands affirmed by operation of law.

No. 3772. JANUARY 25, 1924.

Certiorari; from Court of Appeals.

*Charters, Wheeler & Lilly,* for plaintiff.

*W. Carroll Latimer, Luther Roberts* and *Hammond Johnson,* for defendants.